UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD D. WROLEN,

    Petitioner,

        v.                              Case No. 12-cv-780-JPG

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Richard D. Wrolen's appeal of the Court's July 23, 2012, judgment dismissing his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, an unauthorized second or successive petition, for lack of jurisdiction (Doc. 3). The Court construes the notice of appeal to contain a motion for a certificate of appealability. *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling.").

The Court finds that Wrolen has not shown that reasonable jurists would debate whether his petition was an unauthorized second or successive petition or whether the Court has jurisdiction to entertain such a petition. Accordingly, the Court **DENIES** Wrolen's implicit motion for a certificate of appealability. The Court further **DISMISSES** for **lack of jurisdiction** Wrolen's motion to enter a document into evidence (Doc. 4) and **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals.

**IT IS SO ORDERED.**
**DATED: August 6, 2012**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**